FILED
12 MAR -9 AM 10:44
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: /s/ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELL HALL, CDCR #H-05584, <br><br> Plaintiff, <br><br> vs. <br><br> Y.A. GUILA; EDGAR CLARK; TERESA MECIAS; T. KIRBY; A. TKIEBY; J. WALKER; FRAZE; ROUCH; DOES 1-2, <br><br> Defendants. | Civil No.   11cv2661 BEN (WVG) <br><br> **ORDER:** <br><br> **(1) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A; and** <br><br> **(2) DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT AS MOOT** |

## I.

### PROCEDURAL HISTORY

On November 14, 2011, Lavell Hall, a state inmate currently incarcerated at Corcoran Prison located in Corcoran, California, submitted a civil action pursuant to 42 U.S.C. § 1983. Plaintiff has not sought leave to proceed *in forma pauperis* ("IFP") in this matter but rather Plaintiff has paid the entire $350 civil filing fee.

## II.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). The Court must sua sponte dismiss prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

### A.   Constitutional Claims

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B.   Eighth Amendment Inadequate Medical Care Claims

Plaintiff's allegations are far from clear but it appears that he is alleging he was denied adequate medical care when he was housed at Centinela State Prison. Where an inmate's claim is one of inadequate medical care, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need

include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence of a serious medical need, an inmate satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a inmate's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

While Plaintiff names seven individuals as Defendants, he only refers to three Defendants in the body of his Complaint, Defendants Aguila, Clark and Kirby. Plaintiff's allegations, which are far from clear, appear to arise from his dissatisfaction with how these Defendants responded to his administrative grievances. Based on the documents attached to his Complaint, it does appear that Plaintiff received regular physical examinations and medication for his condition. None of the factual allegations raised in Plaintiff's Complaint rise to the level of "deliberate indifference" required to state an Eighth Amendment claim.

It also appears that Plaintiff disagreed with the course of treatment provided by Defendants. A mere difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Moreover, there are no allegations that Plaintiff suffered any physical harm as a result of the actions allegedly taken by Defendants. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful.") Thus, Plaintiff's Eighth Amendment inadequate medical care claims are dismissed for failing to state a claim upon which relief can be granted.

### C. Fourteenth Amendment Due Process Claims - Grievance Procedures

In addition, to the extent Plaintiff challenges the procedural adequacy of CDCR inmate grievance procedures, his Complaint fails to state a due process claim. *See* 28 U.S.C. § 1915A(b)(1); *Resnick*, 213 F.3d at 446. This is because the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure"); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### D. Causation

As stated above, Plaintiff fails to allege any factual allegations against Defendants Mecias, Walker, Fraze, Rouche or John Does 1 and 2 that would link any of the named Defendants to an action that related directly to Plaintiff. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). A person deprives another of a constitutional right under section 1983, where that person "'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County School Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The "requisite causal connection may be established" not only by some kind of direct personal participation in the deprivation, but also by setting in motion "a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* (citing *Johnson*, 588 F.2d at 743-44).

Here, Plaintiff fails to allege facts sufficient to show that any of these named Defendants were personally involved in the alleged deprivation of his civil rights. Moreover, he appears to seek to hold some of these Defendants liable in their supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus

on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)).

Thus, Plaintiff's entire Complaint must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Because it is not altogether certain that Plaintiff would be unable to allege additional facts which might state a claim against Defendants, however, the Court will provide Plaintiff with an opportunity to amend his pleading in light of the standards set forth above.

### III.
### MOTION TO FILE SUPPLEMENTAL COMPLAINT

Plaintiff has also filed a "Motion for Leave to File Supplemental Complaint" [ECF No. 3]. In this Motion, Plaintiff seeks to increase the amount of damages he is seeking against Defendants. In light of the Court's dismissal of Plaintiff's action and the opportunity to file an Amended Complaint that is complete in itself, Plaintiff's Motion to File a Supplemental Complaint is **DENIED** as moot.

### IV.
### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

Plaintiff's Motion for Leave to File Supplemental Complaint [ECF No. 3] is **DENIED** as moot.

The Clerk of Court is directed to mail Plaintiff a copy of the Court approved form § 1983 complaint.

**IT IS SO ORDERED.**

DATED: 3/09/2012

HON. ROGER T. BENITEZ
United States District Judge