FILED

2012 MAY 24  AM 10: 01

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVELL HALL, CDCR #H-05584, <br><br> Plaintiff, <br><br> vs. <br><br> Y.A. GUILA; EDGAR CLARK; TERESA MECIAS; T. KIRBY; A. TKIEBY; J. WALKER; FRAZE; ROUCH; DOES 1-2, <br><br> Defendants. | Civil No.   11cv2661 BEN (WVG) <br><br> **ORDER:** <br><br> **(1) DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A; and** <br><br> **(2) DENYING MOTION FOR EXTENSION OF TIME AS MOOT** |

## I.

### PROCEDURAL HISTORY

On November 14, 2011, Lavell Hall, a state inmate currently incarcerated at Corcoran Prison located in Corcoran, California, submitted a civil action pursuant to 42 U.S.C. § 1983. Plaintiff did not seek leave to proceed *in forma pauperis* ("IFP") in this matter but rather Plaintiff has paid the entire $350 civil filing fee.

///

1    On March 9, 2012, this Court sua sponte dismissed Plaintiff's Complaint for failing to
2    state a claim pursuant to 28 U.S.C. § 1915A(b). (ECF No. 5.) Plaintiff was granted leave to file
3    an Amended Complaint in order to correct the deficiencies of pleading identified by the Court.
4    (ECF No. 5 at 5-6.) On April 12, 2012, Plaintiff filed a "Motion for Extension of Time to
5    Amend Complaint." (ECF No. 6.) However, before the Court could issue a ruling on Plaintiff's
6    Motion, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 7.) Thus, Plaintiff's
7    Motion for Extension of Time is **DENIED** as moot.

## II.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

As the Court informed Plaintiff in its previous Order, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). The Court must sua sponte dismiss prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

### A.    Constitutional Claims

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B.    Rule 8

As an initial matter, Plaintiff is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that in order to state a claim for relief

in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(1) & (2). It is not clear to the Court which Defendants Plaintiff seeks to hold liable for the alleged constitutional violations. In both his original Complaint and First Amended Complaint, Plaintiff lists a number of Defendants in the caption but only individually lists a few of the named Defendants in the body of either pleading. Moreover, Plaintiff does not reference many of the named Defendants anywhere in the factual allegations. Thus, the Court will dismiss Plaintiff's First Amended Complaint for failing to comply with Rule 8 and for the additional reasons set forth below. Plaintiff must clearly identify which Defendant he seeks to hold liable for the alleged constitutional violations and the facts upon which he bases these claims.

### B. Eighth Amendment Inadequate Medical Care Claims

Plaintiff alleges in 2007, while he was housed at Centinela State Prison ("CEN"), he was examined by Defendant Alex Peterson, a staff Dermatologist. (*See* FAC at 4.) Plaintiff claims that Dr. Peterson diagnosed Plaintiff with "keratoderma." (*Id.*) Where an inmate's claim is one of inadequate medical care, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence of a serious medical need, an inmate satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

/ / /

In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988). Plaintiff attaches several documents to his First Amended Complaint that demonstrate he was examined and treated by Dr. Peterson on a number of occasions. It further demonstrates that Dr. Peterson prescribed Plaintiff medication for his condition that Plaintiff received. In his First Amended Complaint, Plaintiff alleges Dr. Peterson's "treatments failed to rectify the problem." (FAC at 4.) Before it can be said that a inmate's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Here, Plaintiff's factual allegations regarding Dr. Peterson fail to rise to the level of "deliberate indifference."

Plaintiff also alleges that Defendant McCabe was deliberately indifferent to his serious medical needs on July 27, 2010 because he allegedly refused to allow Plaintiff "to be tested for diabetes, high blood sugar, lipids, and to be given specific accommodations; opaque contrast x-ray/MRI; morphine, a special diet, and an exercise program on a bicycle at the hospital." (FAC at 2.) However, a mere difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Here, Plaintiff also attaches the response by Defendant McCabe in which Defendant McCabe does not deny Plaintiff the right to address these medical concerns. Instead, Defendant McCabe informs Plaintiff that he should address these concerns at his schedule medical appointment. (*See* FAC, First Level ADA Response, Log. No. CSPC-5-10-2007 dated July 27, 2010.)

Based on the facts alleged in Plaintiff's First Amended Complaint, the Court finds that Plaintiff has failed to state an Eighth Amendment deliberate indifference claim against any of the named Defendants.

Thus, Plaintiff's entire Complaint must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Because it is not altogether certain that Plaintiff would be unable to allege additional facts which might state a claim against Defendants, however, the Court will provide Plaintiff with an opportunity to amend his pleading in light of the standards set forth above.

## III.
## CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

Plaintiff's Motion for Extension of Time to File First Amended Complaint is **DENIED** as moot.

The Clerk of Court is directed to mail Plaintiff a copy of the Court approved form § 1983 complaint.

**IT IS SO ORDERED.**
DATED: 5/24/2012

HON. ROGER T. BENITEZ
United States District Judge